UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALLI MUHAMMAD and THE REVOLUTIONARY
BLACK PANTHER PARTY,

        Plaintiffs,

v.

        Case No. 25-cv-0491-bhl

JAMAL CANNON,

        Defendant.

## SCREENING ORDER

On April 3, 2025, Plaintiff Alli Muhammad, proceeding without an attorney, filed this lawsuit on behalf of himself and the Revolutionary Black Panther Party, asserting claims for defamation, copyright infringement, and harassment against Defendant Jamal Cannon.[1] (ECF No. 1.) Muhammad also filed a motion for leave to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP), and a motion for a temporary restraining order (TRO). (ECF Nos. 2 & 3.) The matter is before the Court for consideration of Muhammad's IFP motion, for the screening of his complaint, and for consideration of his request for a TRO.

### IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. §1915(a)(1). Muhammad's IFP application includes information about his finances and is signed under penalty of perjury. (ECF No. 2 at 2.) He represents that he is unemployed with no income or assets, has one dependent (his daughter), and owes $16,000 for an automobile loan on which he has defaulted. (*Id.*) Based on these sworn assertions, the Court concludes that Muhammad lacks sufficient resources to pay the filing fee and

---

[1] Muhammad also lists Fizical Enterprises as a defendant in the caption of his complaint. (ECF No. 1 at 1.) Muhammad does not, however, include any allegations about Fizical in the remainder of the pleading. The Court will assume that the inclusion of Fizical in the caption was a mistake and treat Cannon as the sole defendant.

will grant his motion to proceed IFP. Muhammad is warned that if, at any point, the Court determines that his allegations of poverty are untrue, his case will be dismissed.

## SCREENING THE COMPLAINT

The IFP statute also requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue" or if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). Accordingly, after evaluating a *pro se* plaintiff's IFP request, the Court must screen the complaint to ensure the case should be allowed to move forward. In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

Muhammad claims to be the founder of the Revolutionary Black Panther Party and to own its name, brand, logo, slogan, mission statement, images, materials, and ranks. (ECF No. 1 at 3.) He contends that Cannon is a former member of the Revolutionary Black Panther Party who was suspended in January 2017 and later expelled for misconduct. (ECF No. 1 at 2.) After being expelled, Cannon copied and used the Revolutionary Black Panther Party's brand, images, pictures, slogans, ranks, terms, and logo without its permission. (*Id.* at 3.)

Muhammad further alleges that Cannon has been harassing him for nearly eight years. (*Id.* at 2.) He contends that Cannon publicly and falsely accused Muhammad of being a murderer, rapist, child molester, bisexual, or homosexual. (*Id.*) He also publicly and falsely accused Muhammad of having sexually transmitted diseases and spreading those diseases to others, and of being a law enforcement informant or agent. (*Id.*) Cannon allegedly used social media platforms like YouTube, Facebook, and Twitter to perpetuate the false accusations about Muhammad. (*Id.* at 4.) Muhammad contends that Cannon threatened his life and safety and "dox[ed]" him and his family. (*Id.*); *see also Dox*, Merriam-Webster, https://www.merriam-webster.com/dictionary/dox (last visited Apr. 30, 2025) (defining "dox" as "to publicly identify or publish private information about (someone) especially as a form of punishment or revenge.").

Against the backdrop of these factual allegations, Muhammad asserts three claims for relief. Count I of the complaint asserts a claim for "defamation, slander, and libel." (ECF No. 1 at 4.) Count II is a claim for "common law copyright infringement." (*Id.* at 4–5.) Count III alleges a claim for "harassment, stalking, and threats." (*Id.* at 5.) Muhammad seeks damages and injunctive relief. (*Id.* at 5–6.)

With respect to Count I, a defamation claim under Wisconsin law has three elements:

> (1) a false statement; (2) communicated by speech, conduct or in writing to a person other than the person defamed; and (3) the communication is unprivileged and tends to harm one's reputation so as to lower him or her in the estimation of the community or to deter third persons from associating or dealing with him or her.

*In re Storms v. Action Wis., Inc.*, 750 N.W.2d 739, 748 (Wis. 2008) (quoting *Torgerson v. Journal/Sentinel, Inc.*, 563 N.W.2d 472, 477 (Wis. 1997)). Muhammad's complaint alleges sufficient facts to maintain a defamation claim against Cannon. He alleges that Cannon falsely stated that Muhammad was a murderer, sexual predator, bisexual, homosexual, and government informant. He also alleges that these false statements were made on various social media platforms, which would be accessible to persons other than Muhammad. And the Court can

reasonably infer that these statements were unprivileged and tended to harm Muhammad's reputation. Accordingly, the Court will allow Muhammad to proceed with his defamation claim.

Muhammad's harassment claim may also proceed. Under Wis. Stat. §813.125(2)(a), a person who is subject to harassment can obtain a restraining order against the person who engaged in the harassment. The statute defines harassment as engaging in conduct or repeated acts which harass or intimidate another and have no legitimate purpose. §813.125(1)(am)(4)(b). Muhammad asserts that Cannon engaged in harassment when Cannon threatened, doxed, and orchestrated a smear campaign against Muhammad. These actions may constitute harassment and, at least for screening, the Court concludes that Muhammad may proceed with Count II of the complaint.

The Court will also allow Muhammad to proceed with his copyright infringement claim. The Court notes, however, that there is no such thing as a "common law copyright" claim; claims for violations of a copyright are governed by the federal Copyright Act. *See* 17 U.S.C. §301(a) (preempting common law copyright with the Copyright Act). To state a claim of copyright infringement, the party must allege ownership of a valid copyright and that the defendant copied original elements of the work. *Peters v. West*, 692 F.3d 629, 632 (7th Cir. 2012) (citations omitted). Muhammad alleges that he and the Revolutionary Black Panther Party have copyright for the Revolutionary Black Panther Party's name, brand, logo, slogan, mission statement, images, ranks, and unique titles, like the Chief General-in-Command title. (ECF No. 1 at 3.) While many of these items are likely not subject to copyright protection, *see* 17 U.S.C. §102, the Court will allow Muhammad to proceed, at least for now. He also sufficiently alleges that Cannon improperly copied the Revolutionary Black Panther Party's name, logo, mission statement, brand, community images, videos, slogan, and programs. (ECF No. 1 at 4–5.) Since both elements are alleged, Muhammad may proceed with his copyright infringement claim. Because he is not an attorney, however, Muhammad cannot represent the Revolutionary Black Panther Party. *See* 28 U.S.C. §1654. An individual who is not a lawyer cannot appear in court for a legal entity (i.e., a limited liability corporation, a non-profit, etc.). *See id.*; *see also Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 924 (7th Cir. 2003). If the Revolutionary Black Panther Party is an alias Muhammad uses, and he is the sole member, he may be able to assert his own claims based on those facts.

# TEMPORARY RESTRAINING ORDER

Muhammad also filed a motion for a TRO under Federal Rule of Civil Procedure 65(b). (ECF No. 3.) He asks the Court to enter a gag order prohibiting Cannon from making public or private statements about Muhammad. (*Id.* at 2.) He also asks the Court to prohibit Cannon from: contacting Muhammad; surveilling, monitoring, or stalking Muhammad; engaging in defamatory speech or harassing, threatening, or intimidating Muhammad; and attempting to interfere with Muhammad's personal, professional, or legal affairs. (*Id.* at 2–3.)

Muhammad's motion must be denied because he has failed to comply with Federal Rule of Civil Procedure 65(b). Rule 65(b)(1) permits the Court to enter a TRO "only if specified facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition." The movant is also required to certify "in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Muhammad has offered no evidence to support his request for a TRO and has not certified any efforts to notify his adversary or to explain why notice to Cannon should not be required. Because he has not satisfied several of the significant hurdles necessary to obtain such weighty relief, his motion must be denied. *See Cassell v. Snyders*, 990 F.3d 539, 544 (7th Cir. 2021) (a TRO "is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it.").

# CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Muhammad's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 4(c)(3), the U.S. Marshals Service shall serve a copy of the complaint, waiver of service form and/or the summons, and this order upon the defendant. Muhammad is advised that Congress requires the U.S. Marshal's Service to charge for making or attempting such service. 28 U.S.C. §1921(b). The current fee for waiver of service packages is $8 per item. 28 C.F.R. §0.114(a)(2). Congress has not made any provision for waiver of these service fees. Muhammad is now required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the Court to the opposing party or his attorney. Muhammad should also retain a personal copy of each document. The Court may disregard any papers or documents which do not indicate that a copy has been sent to the defendant or his

attorney.  Muhammad is further advised that his failure to make a timely submission, including notifying the Court of any changes in address, may result in the dismissal of this case for failure to prosecute under Civil L. R. 41.

**IT IS FURTHER ORDERED** that the defendant shall file a responsive pleading to the complaint within the time allowed under the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Muhammad's Emergency Motion for Temporary Restraining Order, ECF No. 3, is **DENIED**.

Dated at Milwaukee, Wisconsin on May 1, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge