UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALLI MUHAMMAD,

        Plaintiff,

   v.

JAMAL CANNON,

        Defendant.

Case No. 25-cv-0491-bhl

---

## SERVICE ORDER

---

      On April 3, 2025, Plaintiff Alli Muhammad, proceeding without an attorney, filed this lawsuit against Defendant Jamal Cannon along with a motion to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP). (ECF Nos. 1 & 2.) On May 5, 2025, the Court granted Muhammad's IFP motion and, after screening Muhammad's complaint, determined that he had stated claims for defamation and copyright infringement. (ECF No. 5.) In accordance with Federal Rule of Civil Procedure 4(c)(3), the Court ordered the U.S. Marshals Service to serve a copy of the complaint, waiver of service form and/or the summons, and its order upon Cannon. (*Id.* at 5.)

      On July 14, 2025, the Marshals notified the Court that they were unable to execute service upon Cannon. (ECF No. 9.) Samuel Spencer, a Deputy United States Marshal, filed an affidavit explaining the many steps the Marshals have taken to try to execute service. (ECF No. 10 at 1.) First, on June 9, 2025, Spencer attempted service upon Cannon by going to the address provided by Muhammad, but it appeared to be an abandoned storefront. (*Id.*) Next, Spencer checked commercial databases and found two other potential addresses for Cannon. (*Id.*) Neither of the two other addresses belonged to Cannon. (*Id.*) One address was occupied by Cannon's aunt, who claimed to have no contact with him, and the other did not appear to be associated with Cannon at all. (*Id.*) On July 1, 2025, Spencer contacted Cannon via telephone. (*Id.*) Spencer learned that Cannon currently lives in an area near Los Angeles, California. (*Id.*) Spencer informed Cannon of the lawsuit and attempted to persuade Cannon to pick up service at the U.S. Marshals office in Los Angeles, but Cannon ultimately refused to pick up service. (*Id.*) The Marshals next located

a Los Angeles address for Cannon and, on July 14, 2025, attempted to execute service at that address. (*Id.*) The tenant of the Los Angeles-area address informed the Marshals that she did not know Cannon. (*Id.*)

Without proper service, the Court cannot exercise personal jurisdiction over Cannon and this litigation cannot proceed. *See* Fed. R. Civ. P. 4(k)(1). Under Rule 4(c)(3), the Court is required to order the Marshals to execute service when a Plaintiff proceeds IFP. The Court has done so, and the record confirms that the Marshals have undertaken substantial efforts to serve Cannon, but those efforts have proved unsuccessful. Over the course of two months, the Marshals Service has attempted multiple methods of service at multiple locations identified through multiple database searches. They have also contacted Cannon personally and it is clear he is not cooperating in accepting service. At this point, the Court finds that the Marshals have made reasonable efforts (if not more) to accomplish service and have satisfied their duties under Rule 4(c)(3).

To the extent Muhammad wishes to continue with his claims in this lawsuit, he must arrange for service of the summons and complaint on Cannon himself. To effectuate service, a person other than Muhammad who is over the age of 18 must serve a copy of the summons and a copy of the complaint upon Cannon. *See id.* 4(c)(1)–(2). A copy of the Court's screening order and this order should be included with service. An individual over the age of 18 must serve Cannon by delivering the documents to Cannon personally or by leaving a copy of all the documents at Cannon's home with someone over the age of 18 who resides there. *See id.* 4(e)(2)(A)–(B). Alternatively, the individual may serve the necessary documents pursuant to the rules of the state in which Cannon resides (this appears to be California). *See id.* 4(e)(1).

The Court will instruct the Clerk of Court to provide Muhammad with a copy of the summons, a copy of his complaint, a copy of the Court's screening order, and a copy of this order. If Muhammad is able to successfully serve Cannon, he must then file proof of service on the docket. *See id.* (4)(l). If Muhammad cannot serve Cannon, he should inform the Court of his efforts and explain why he cannot effectuate service. The Court will allow Muhammad 90 days to file proof of service or explain the reason for his failure to serve Cannon. Failure to comply may result in dismissal without prejudice. Fed. R. Civ. P. 4(m).

Accordingly,

**IT IS HEREBY ORDERED** that Muhammad must either arrange for proper service of the complaint on Cannon and file proof of the service on the docket or submit to the Court the

reasons for his failure on or before **October 20, 2025**. If Muhammad fails to comply with the Court's order, the case may be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

    **IT IS FURTHER ORDERED** that, with this order, the Clerk of Court should attach: the summons; a copy of the complaint; a copy of the Court's screening order, ECF No. 5; and an additional copy of this order.

    Dated at Milwaukee, Wisconsin on July 21, 2025.

    s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge