UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALLI MUHAMMAD,

        Plaintiff,

        Case No. 25-cv-0491-bhl

  v.

JAMAL CANNON,

        Defendant.

## SERVICE ORDER

    On April 3, 2025, Plaintiff Alli Muhammad, proceeding without an attorney, filed this lawsuit against Defendant Jamal Cannon along with a motion to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP). (ECF Nos. 1 & 2.) On May 5, 2025, the Court granted Muhammad's IFP motion and, after screening Muhammad's complaint, determined that he had stated claims for defamation and copyright infringement. (ECF No. 5.) In accordance with Federal Rule of Civil Procedure 4(c)(3), the Court ordered the U.S. Marshals Service to serve a copy of the complaint, waiver of service form and/or the summons, and its order upon Cannon. (*Id.* at 5.)

    On July 14, 2025, the Marshals filed an affidavit explaining the many steps taken to try to execute service and notified the Court that they were unable to execute service upon Cannon. (ECF Nos. 9 & 10.) Noting that the substantial efforts taken by the Marshals to serve Cannon had proved unsuccessful, on July 21, 2025, the Court found that that the Marshals had satisfied their duties under Rule 4(c)(3) and ordered Muhammad to arrange for service of the summons and complaint on Cannon himself. (ECF No. 11.) The Court gave Muhammad 90 days—until October 20, 2025—to file either proof of service or a written explanation of his efforts to serve Cannon. (*Id.* at 3.)

    The October 20, 2025, deadline has passed, and the Court has not heard from Muhammad. Muhammad's failure to prove proper service is not an insignificant matter. Without proper service, the Court cannot exercise personal jurisdiction over Cannon. *See* Fed. R. Civ. P. 4(k)(1). Under Federal Rule of Civil Procedure 4(m), if a defendant is not served within 90 days after the

complaint is filed, the court, on its own after notice to the plaintiff, must dismiss the action without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m). The Court has notified Muhammad of his service obligations and gave him ample time to serve Cannon. (*See* ECF No. 11.) The Court warned Muhammad that failure to comply could result in dismissal of his case. (*Id.* at 3.) Despite this, Muhammad has failed to file proof of proper service or explain why he has been unable to serve Cannon. Accordingly, the Court will dismiss the case without prejudice for lack of service.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 4(m). The Clerk of Court is instructed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on October 27, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge